IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS RAYMOND,

    Plaintiff,

    v.                                                                     No. 16-CV-00304-KG-CG

FNU ARNOLD, TIMOTHY TRAPP,
FNU ALLEN, VINCENT HORTON,

    Defendants.

## ORDER HOLDING IN ABEYANCE MOTION FOR RECONSIDERATION PENDING PAYMENT OF INITIAL PARTIAL PAYMENT

**THIS MATTER** is before the Court on Plaintiff Carlos Raymond's Motion for Reconsideration, filed on July 14, 2016. [Doc. 12] On May 10, 2016, the Court granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and ordered Plaintiff to pay an initial partial payment of $19.82 pursuant to § 1915(b)(1). [Doc. 9] On June 21, 2016, the Court dismissed without prejudice Plaintiff's Prisoner Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1] and Amended Prisoner's Civil Rights Complaint [Doc. 6], because Plaintiff had failed to pay "the initial partial payment of $19.82, shown cause why the payment should be excused, or otherwise responded to the Court's order." [Doc. 10] Plaintiff asks the Court to reconsider the dismissal of this civil rights action, because he "made arrangements with inmate accounts, and was led to believe that they would automatically deduct the 20% from his monthly check and send it to the court." [Doc. 12]

Because the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, such a motion may be construed one of two ways, as: (1) a motion to alter or

amend the judgment pursuant to Fed. R. Civ. P. 59(e); or (2) a motion for relief from judgment under Fed. R. Civ. P. 60(b).  *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  The United States Court of Appeals for the Tenth Circuit has instructed District Courts to "evaluate postjudgment motions filed within [twenty-eight] days of judgment based on the reasons expressed by the movant, not the timing of the motion." *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005) (discussing former rule 59(e), which contained ten-day limitation).  Rule 60(b)(1) permits a court to relieve a party from a final judgment for the following reasons: "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a deadline is attributable to negligence." *Jennings*, 394 F.3d at 856.  "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Id.*

In the present case, Plaintiff contends that he failed timely to pay the initial partial payment of $19.82 because he was led to believe that the money automatically had been forwarded to the Court.  [Doc. 12]  Plaintiff informs the Court that he is now "fully informed of the procedure for making" payment and that he "will be able to satisfy the Court by paying all fees and costs."  [Doc. 12]  However, as of this date, the initial partial payment of $19.82 has not been paid.  Plaintiff's motion to reconsider will not be granted unless and until the initial partial payment of $19.82 has been paid.  Failure to submit the initial partial payment of $19.82 within thirty (30) days of the date of this order, or to show cause why the payment should be excused, may result in the denial of Plaintiff's motion without further notice.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration [Doc. 12] will be HELD IN ABEYANCE pending payment of the initial partial payment of $19.82;

IT IS FURTHER ORDERED that, within thirty (30) days of this Order, Plaintiff send to the Clerk an initial partial payment of $19.82 or show cause why the payment should be excused.

_____
UNITED STATES DISTRICT JUDGE