IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS RAYMOND,

    Plaintiff,

    v.                                  No. 16-CV-00304-KG-CG

FNU ARNOLD, TIMOTHY TRAPP,
FNU ALLEN, VINCENT HORTON,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration [Doc. 12], which asks the Court to vacate the dismissal of this action for failure to pay the initial partial payment of $19.82 previously ordered by the Court. On July 20, 2016, the Court noted that Fed. R. Civ. P. 60(b)(1) permits a court to relieve a party from a final judgment for excusable neglect, but that Plaintiff still had not submitted the initial partial payment. Therefore, the Court held Plaintiff's motion in abeyance, pending payment of the initial partial payment. [Doc. 13] On August 22, 2016, Plaintiff paid the initial partial payment of $19.82. [Doc. 16] For the reasons explained below, the Court will construe Plaintiff's motion for reconsideration as a motion for relief from judgment under Rule 60(b)(1) and grant the motion.

Rule 60(b)(1) provides, in relevant part, that a court may relieve a party from a final judgment on the basis of excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). As previously explained, "excusable neglect is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence." *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir.

2005).  "The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."  *Id.*

> The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. . . . Relevant factors include the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* (internal quotation marks and citations omitted).

In the present case, Plaintiff failed to pay the initial partial payment of $19.82 because he "was led to believe that [inmate accounts] would automatically" make the payment for him and send it to the court.  [Doc. 12]  Plaintiff promptly filed his motion for reconsideration within thirty days of the Court's dismissal of this action and thereafter paid the initial partial payment previously ordered by the Court.  Defendants will not be prejudiced by permitting this case to proceed to screening on the merits under 28 U.S.C. § 1915(e)(2) and it appears that Plaintiff has acted in good faith.  Therefore, the Court will grant Plaintiff relief from judgment on the basis of excusable neglect.  This case will be returned to the docket for review under 28 U.S.C. § 1915(e)(2).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration [Doc. 12] is GRANTED;

IT IS FURTHER ORDERED that the Court's Order of Dismissal Without Prejudice [Doc. 10] and Final Judgment [Doc. 11] are VACATED.

_____
UNITED STATES DISTRICT JUDGE