IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS RAYMOND,

    Plaintiff,

    v.        No. 16-CV-00304-KG-CG

FNU ARNOLD, TIMOTHY TRAPP,
FNU ALLEN, VINCENT HORTON,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), on Plaintiff Carlos Raymond's Amended Prisoner's Civil Rights Complaint [Doc. 6], filed on May 2, 2016. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons set out below, Plaintiff's Amended Prisoner's Civil Rights Complaint will be dismissed and judgment will be entered.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." Section 1915 "accords judges not only the authority to dismiss a claim based upon an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Nietizke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is legally frivolous if it is based on based on an "indisputably meritless legal theory," such as "claims of infringement of a legal interest which clearly does not exist." *Id.*

Additionally, under rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court can

dismiss a complaint for failure to state a claim "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Plaintiff's Amended Prisoner's Civil Rights Complaint superseded his original complaint and, therefore, is the operative pleading for the purpose of this Court's review under § 1915(e). *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (noting that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect.") (internal quotation marks and citations omitted). Plaintiff contends that he is "just not getting the right proper medical care and treatment," in violation of his right to be free from cruel and

unusual punishment under the Eighth Amendment and his right to due process of law under the Fourteenth Amendment. [Doc. 6 at 3 and 5] The exhibits attached to Plaintiff's amended complaint reveal that Plaintiff has been "getting cuts on private part of [his] body" and that these cuts have been treated by Defendants Trapp and Allen with antifungal cream, oral antifungal medication, and skin protectant ointment. [Doc. 6 at 11-15] Plaintiff disagrees with this course of treatment, contending that it has been ineffective in resolving the problem, and that he has suffered "embarrassment [and] mental abuse having to deal with [this] medical issue in [his] life." [Doc. 6 at 12] Plaintiff also contends that he has "put in sick calls . . . for other issues like [his] back pain and just been given" ibuprofen. [Doc. 6 at 11] Plaintiff seeks a preliminary and permanent injunction requiring Defendants "to make arrangments [sic] to see specialist/hospital," compensatory damages, punitive damages, and costs. [Doc. 6 at 18]

Plaintiff's amended complaint names Vincent Horton, the Warden at Guadalupe County Correctional Facility, and Doctor Arnold, the corporate doctor for Corizon Health Care Services, as defendants. It is well established that "§ 1983 does not allow a plaintiff to hold an individual government official liable under a theory of respondeat superior," *Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir. 2010) (internal quotation marks omitted), and that "individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Id.* at 1195 (internal quotation marks omitted). However, "[p]ersonal involvement does not require direct participation," because a plaintiff may "succeed in a § 1983 suit against a defendant-supervisor by demonstrating that (1) the defendant promulgated, created, implement or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation." *Id.* at 1199. Plaintiff's amended complaint does not allege that

Defendants Horton and Arnold personally were involved in the alleged constitutional violations or that they promulgated, created, or implemented a policy that caused the alleged constitutional violations. To the extent that Plaintiff's constitutional claims against Defendants Horton and Arnold are predicated on the denial of his informal complaints and formal grievances, the United States Court of Appeals for the Tenth Circuit has held that "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by Plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Therefore, with respect to Defendants Horton and Arnold, the Court concludes that Plaintiff's amended complaint fails to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).[1]

Turning to Plaintiff's claims against Defendants Trapp and Allen, the Court notes that "[t]he Eighth Amendment, applied to the states through the Due Process Clause of the Fourteenth Amendment, prohibits infliction of cruel and unusual punishments on those convicted of crimes."[2] *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991). It is well established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

---

[1] For the reasons explained in the body of this Memorandum Opinion and Order of Dismissal, the Court concludes that amendment of Plaintiff's amended complaint to include allegations of personal participation in the alleged constitutional violations would be futile, since the alleged violation of Plaintiff's Eighth and Fourteenth Amendment rights is based on an indisputably meritless legal theory.

[2] It is unclear whether Plaintiff has invoked the Fourteenth Amendment because the Eighth Amendment only is applicable to the states through the Fourteenth Amendment or because Plaintiff is attempting to allege a separate violation of his right to substantive due process of law. Regardless, the United States Courts of Appeals for the Tenth Circuit has "noted that where constitutional protection is afforded under specific constitutional provisions, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of substantive due process." *Riddle v. Mondgragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Therefore, the Court will review Plaintiff's "claims under the Eighth Amendment as made applicable to the states through the Fourteenth Amendment." *Id.*

mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is prisoner." *Id.* at 106.  "Moreover, a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).  The factual allegations in Plaintiff's amended complaint reveal that he has repeatedly requested and received medical treatment from Defendants Trapp and Allen for the cuts to his private parts and his back pain, but that Plaintiff disagrees with the course of medical treatment prescribed.  Plaintiff's "belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation." *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992); *see also Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (noting that "[b]oth this court and our sister circuits" have determined that the Eighth Amendment does not protect a prisoner's right "to a particular course of [medical] treatment").  Because Plaintiff's constitutional claims against Defendants Trapp and Allen are based on an indisputably meritless legal theory, they will be dismissed as frivolous under § 1915(e)(2)(B)(i).

　　　IT IS THEREFORE ORDERED that Plaintiff's Amended Prisoner's Civil Rights Complaint [Doc. 6] is DISMISSED under § 1915(e)(2); and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE